## MALLARD and ARMISTEAD *v.* AILLET and BALSENER.

The plaintiffs had received of a third person, who subsequently became insolvent, the nego-
tiable promissory note of defendants before its maturity, as collateral security for a debt
due to them. The syndic of the insolvent claimed that the note belonged to the insol-
vent's estate, and that, being placed in the hands of the plaintiffs merely as collateral
security, they had no right of preference to the proceeds of the note. *Held :* That as no
objection had been raised as to the form of the contract by which the note was placed in
the hands of the plaintiffs, and no case made out under C. C. art. 1973, by which it could
be avoided at the suit of creditors of the insolvent, the plaintiffs were entitled to the note
and to judgment against the defendants for its amount.

The want of consideration in whole or in part cannot be insisted on, if the plaintiff or any intermediary party between him and the defendant took the bill or note *bonâ fide* and upon a valid consideration.

APPEAL from the District Court of West Baton Rouge, *Burk*, J. *G. S. Lacey* and *P. E. Bonford*, for appellants. *Greéves* and *Brunot*, for appellees. The judgment of the court was pronounced by

EUSTIS, C. J. *Mallard* and *Armistead* instituted suit against the defendants, *Henriette Aillet* and her husband, on a promissory note made by her with the authority of her husband in favor of *H. R. Graham & Co.* or order, for the sum of five hundred and sixty-five dollars, payable on the 1st of January 1849. The note is endorsed by the payees in blank. In the court below, judgment was rendered against the husband and wife *in solido* for the sum of four hundred and seventy-five dollars with interest, but in favor of the syndic of *Graham & Co.*, who had become insolvent, the syndic having intervened in this suit. As this judgment was adverse to the petition of the plaintiffs, they have appealed from it.

The deduction of one hundred dollars from the amount due on the face of the note, would have been authorized by the evidence adduced, had the suit been between the original parties. But the plaintiffs became the holder of the note *bonâ fide* before its maturity for a valuable consideration, in the usual course of business. The circumstance of their having taken the note as a security for a preëxisting debt would not impair their rights as third persons who are holders of negotiable paper without notice, even if that fact was established.

The rule on this subject is laid down in the most general terms by Mr. Justice Bayley in his Treatise on Bills of Exchange: "The want of consideration in whole or in part, cannot be insisted on, if the plaintiff or any intermediary party between him and the defendant took the bill or note *bonâ fide* and upon a valid consideration." p. 499, 450.

A preëxisting debt constitutes a valuable consideration in the commercial signification of the term, and a *bonâ fide* holder of negotiable paper taken before its maturity in the discharge of a debt is unaffected by any equities between the original parties. *Swift* v. *Tyson*, 16th Peters Rep. 1. Independent of the claim of the intervening party, the plaintiffs would be entitled to recover the full amount of the note.

The petition of intervention presented by the syndic in the interest of the creditors of *Graham & Co.* alleges, in general terms, that the note belongs to the creditors, and must be collected by the syndic for their benefit; that it was left in the hands of the plaintiffs merely as a collateral security, and that they have no right to obtain a preference on its proceeds over the other creditors of the insolvent.

The evidence adduced by the intervening party, fails to establish the requisite facts which would authorize the plaintiffs to be condemned to surrender the note or its proceeds to the creditors. The contract by which they acquired the note, appears to have been perfectly fair. The insolvent, *Graham*, who was examined as a witness for the intervening party without objection, states the note to have been delivered to the plaintiffs as a collateral security for a debt due by the firm in the month of April, 1848. The failure of the insolvents appears to have taken place in December of that year. Under the provisions of the art. 1973 *et seq.* of the code, no case has been made out in which the contract between *Graham & Co.* and the plaintiffs can be avoided at the suit of their creditors.

MALLARD
v.
AILLET.

We have made no inquiry as to the validity of this contract in point of form, because the petition of intervention contains no allegation of any defect of form; and the matter of form cannot be considered as having been at issue between the parties. Had a proper allegation been made, *non constat*, that the plaintiffs would not have shown a compliance with the requisites of the code in respect to form.

The judgment of the district court is therefore reversed; and 'it is decreed, that the petition of intervention be dismissed with the costs thereof, and that the plaintiffs recover from the defendant, *Henriette Aillet*, wife of *Balsener*, the sum of five hundred and sixty-five dollars, with interest from the 4th of January, 1849, and two dollars costs of protest and costs of suit, and that the property mortgaged to secure the payment of said note, be seized and sold to satisfy the same with interest, and that the appellee pay the costs of this appeal.